# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TANNER LEE TOMLINSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-15-699-STE |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412. **(ECF No. 28)**. Specifically, Plaintiff seeks an award of fees in the amount of $6,095.00. (ECF Nos. 28, 28-1). Defendant objects to any award of fees, arguing that her position was "substantially justified." (ECF No. 29). The Court rejects Defendant's argument and **GRANTS** an award of fees to Plaintiff in the amount requested.

## I.    ATTORNEY FEES AUTHORIZED UNDER EAJA

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In other words, "the government's

position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, (1988).

Once an EAJA application is filed, the government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation. *See Hackett v. Barnhart,* 475 F.3d 1166, 1170 (10th Cir. 2007); 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). Therefore, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable litigation position. *Id.* at 1174. The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

## II.    PLAINTIFF IS THE PREVAILING PARTY

Previously, the undersigned ordered reversal of the Commissioner's decision denying Plaintiff's application for disability insurance benefits and a remand for further administrative proceedings. (ECF Nos. 26 & 27). With the reversal and remand, Mr. Tomlinson is considered the "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was "substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

## III. PLAINTIFF IS ENTITLED TO AN AWARD OF BENEFITS

The Court's reversal was based on the ALJ's improper evaluation of the opinions from treating physician, Dr. Lisa Duhon. (ECF No. 26:5-11). Dr. Duhon had completed a "Medical Source Statement" (MSS) where she provided several opinions regarding Mr. Tomlinson's limitations. (TR. 415-417). The ALJ acknowledged the MSS and although the residual functional capacity was consistent with some of Dr. Duhon's restrictions, the ALJ failed to discuss several of the physician's opinions. Presumably, the ALJ rejected these opinions, but his analysis was deficient because he had failed to articulate a legitimate reason for doing so. By means of some explanation, however, the ALJ stated that he "depart[ed] significantly from Dr. Duhan [sic]" because Mr. Tomlinson had not been compliant in controlling his diabetes. (TR. 31).

The Court found that the ALJ's reliance on noncompliance was improper due to two legal errors: (1) the ALJ failed to consider various factors which the Tenth Circuit has held must be considered when relying on noncompliance as a basis for disability and (2) the ALJ improperly relied on his own speculative lay opinion, without evidentiary support, to conclude that Mr. Tomlinson had been noncompliant. (ECF No. 26:3-11).

In arguing that the Commissioner's position was "substantially justified," Ms. Colvin cites various medical records and argues that as a whole, the records supported the ALJ's treatment of Dr. Duhon's opinions. (ECF. No. 29:4-8). In doing so, however, Defendant ignores the fact that the ALJ did not himself, rely on those records to discount Dr. Duhon's opinions, which is the crux of the legal error found by the Court and is a violation of well-

established Tenth Circuit law. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (if the ALJ rejects an opinion completely, he must give "specific, legitimate reasons" for doing so.") (internal citations omitted). In the Tenth Circuit, the practice is to take the ALJ at his word "*when the entirety of the ALJ's discussion of the evidence and the reasons for his conclusions* demonstrate that he adequately considered the claimant's impairments." *Barnes v. Colvin*, 2015 WL 5827687, at *5 (N.D. Okla. Oct. 6, 2015) (slip op) (emphasis added), *citing Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009). But because this Court found that the ALJ did not provide an adequate reason for his treatment of Dr. Duhon's opinion, the Court therefore *was not* required to take the ALJ at his word. Accordingly, the Court finds that the Commissioner's position was not substantially justified, and that an award of EAJA fees is reasonable.

## IV. AMOUNT OF RECOVERABLE FEE

Ms. Colvin did not meet her burden of proof to show that the government's position was substantially justified. Further, the undersigned knows of no special circumstances which would make an award of attorney fees unjust. Thus, the only remaining issue concerns the reasonableness of the fee requested.

Plaintiff seeks an attorney fee award of **$6,095.00**, calculated as follows: 23.7 hours of work performed by his attorney in 2015 at a rate of $190.00 per hour ($4,503.00), 4.5 hours of paralegal work performed in 2015 at a rate of $100.00 per hour, ($450.00), 9.2 hours of work performed by his attorney in 2016 at a rate of 190.00 per hour, ($1,748.00) 1.7 hours of paralegal work performed in 2016 at a rate of $120.00 per hour ($204.00). (ECF No. 28-1). Ms. Troutman has provided a detailed

4

breakdown of time expended in representing Mr. Tomlinson, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A).

Ms. Troutman has requested an upward adjustment of the statutory rate for attorney fees and has provided supporting documentation in the form of a letter dated March 24, 2016, from the Office of the General Counsel of the Social Security Administration. (ECF No. 28-4). This letter shows that for 2015 and 2016, the authorized maximum hourly rate for attorney work in Oklahoma was $190.00. (ECF No. 26-1). Thus, Mr. Tomlinson is entitled to an upward adjustment of the hourly attorney fee consistent with the evidence provided. Additionally, Plaintiff is entitled to recover paralegal fees at prevailing market rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff has submitted the hourly paralegal rate as $100.00 for 2015 and $120.00 for 2016 and Ms. Colvin has not objected. Therefore, the Court should conclude that this hourly rate is reasonable and within the acceptable prevailing market rate.

The Court therefore finds that the Plaintiff is entitled to a total attorney fee award in the amount of **$6,905.00.** Said fee is payable to the Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**ORDER**

The Court **GRANTS** Plaintiff's Motion for Attorney's Fees **(ECF No. 28)** in the amount of **$6,905.00**.

ENTERED on September 22, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE